IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIC FRITZE, | § | |
| *Plaintiff,* | § § § | 5:23-CV-01368-FB-RBF |
| vs. | § § | |
| AMERCAREROYAL, LLC, | § § | |
| *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Biery:**

This Report and Recommendation concerns the status of this case and Defendant AmerCareRoyal, LLC's Motion to Dismiss. *See* Dkt. No. 26. All pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 11. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below and stated on the record at the hearing that took place on October 22, 2024, this case should be **DISMISSED** for lack of subject matter jurisdiction.

**Factual and Procedural Background**

Plaintiff Eric Fritze filed the instant action in federal court on October 27, 2023. Plaintiff's original complaint pleaded a declaratory judgment action under the Texas Uniform Declaratory Judgments Act. *See* Dkt. No. 1 at § 6 (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001 *et seq.*); *but see, e.g.*, *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that the Texas Declaratory Judgment Act "is not substantive law" that would

apply in federal court). The original complaint alleged subject matter jurisdiction based on complete diversity of the parties, though it did not allege an amount in controversy. Dkt. No. 1. Defendant AmerCareRoyal, LLC, filed its Answer on January 11, 2024. *See* Dkt. No. 8.

On March 11, 2024, the parties filed a joint Rule 26(f) Discovery/Case Management Report. *See* Dkt. No. 13. The Report stated that the parties did not agree "that the current amount in controversy exceeds $75,000." *Id.* at 1. The Court then held an initial pretrial conference on March 19, 2024. *See* Dkt. Nos. 12 & 15. The following month, Plaintiff Fritze filed what he styled as Plaintiff's First Amended Complaint and Request for Declaratory Judgment. *See* Dkt. No. 18. In addition to a request for a declaratory judgment, the First Amended Complaint included a claim for payment of sales commissions under Texas Business & Commerce Code Chapter 65. The amended complaint, like its predecessor, failed to allege an amount in controversy. *See* Dkt. No. 18 ¶ 3 ("This Court has subject matter jurisdiction because there is complete diversity of citizenship between the parties."). In early May of 2024, Fritze retroactively sought leave of Court to file the aforementioned First Amended Complaint. Dkt. No. 21. This Court granted leave via text order on May 31, 2024. The Clerk of Court docketed Plaintiff's First Amended Complaint on the same day, although it is styled on the docket as the 2nd Amended Complaint. *See* Dkt. No. 25 (docketed as "2nd Amended Complaint," but the same document as Dkt. No. 18).

Defendant AmerCareRoyal subsequently filed its Motion to Dismiss on June 14, 2024. *See* Dkt. No. 26. Fritze responded on June 28, 2024, and AmerCareRoyal replied on July 5, 2024. *See* Dkt. Nos. 27 & 29.

The Court held a hearing on the Motion to Dismiss on October 22, 2024. *See* Dkt. Nos. 31, 35, & 36. At the hearing, Fritze's counsel acknowledged that the amount in controversy may

not meet the threshold required under 28 U.S.C. § 1332(a) and urged that discovery is needed to determine the amount in controversy.

**Analysis**

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

The amount in controversy for diversity jurisdiction is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Id.*; *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). When an action filed originally in federal court involves a complaint that does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, based on well-pleaded facts taken as true and "other evidence relevant at the time [the plaintiff] filed its complaint." *Greenberg*, 134 F.3d 1250 at 1253-54.

The Court lacks subject matter jurisdiction over this case, as Fritze has failed to allege or prove an amount in controversy over $75,000. Fritze did not plead an amount in controversy in

his Original Complaint. *See* Dkt. No. 1. The Parties' Rule 26(f) Report placed Fritze on notice that the amount in controversy was at issue. *See* Dkt. No. 13. Fritze subsequently filed his First Amended Complaint but still failed to plead any amount in controversy. *See* Dkt. Nos. 18 & 25. Fritze did not attempt to cure this deficiency in his Response to Defendant's Motion to Dismiss or otherwise offer evidence that the amount in controversy exceeds the jurisdictional amount. *See* Dkt. No. 27. Further, at the October 22, 2024, hearing, Fritze's counsel claimed that discovery is needed *before* he could plead an amount in controversy over the jurisdictional threshold. Fritze, however, must plead the required amount in controversy or prove such an amount by a preponderance of the evidence to meet the jurisdictional threshold and obtain discovery. The Court declines to permit a plaintiff to conduct discovery into the amount in controversy in a case originally in federal court where the plaintiff has declined even to plead on information and belief that the amount at issue exceeds $75,000.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** for lack of jurisdiction.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

SIGNED this 28th day of October, 2024.

                                   RICHARD B. FARRER
                                   UNITED STATES MAGISTRATE JUDGE